UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADY K. ARMSTRONG,<br><br>    Plaintiff,<br><br>  vs.<br><br>A. HEDGPETH, et al.,<br><br>    Defendants. | 1:11-cv-00761-LJO-GSA-PC<br><br>SCREENING ORDER<br><br>ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND<br>(Doc. 1.) (Resolves Doc. 22.)<br><br>THIRTY DAY DEADLINE TO FILE FIRST AMENDED COMPLAINT |

**I.    BACKGROUND**

Brady K. Armstrong ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on May 11, 2011. (Doc. 1.) The Complaint is now before the Court for screening.

**II.    SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any

1

filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal 556 U.S. at 678. While factual allegations are accepted as true, legal conclusions are not. Id.

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

**III.    SUMMARY OF COMPLAINT**

Plaintiff is presently incarcerated at the California Substance Abuse Treatment Facility ("SATF") in Corcoran, California. The events at issue in the Complaint allegedly occurred at Kern Valley State Prison ("KVSP") in Delano, California, while Plaintiff was incarcerated there. Plaintiff names as defendants A. Hedgpeth (Warden at Pleasant Valley State Prison ("PVSP")), Dr. L. Dileo, Dr. Spaeth, Nurse Rumsey, MTA (Medical Technical Assistant) Terronez, Nurse Gomez, Correctional Officer ("C/O") Hicks, and Does 1-34 (collectively "Defendants"). Plaintiff's factual allegations follow.

Plaintiff was transferred from PVSP to KVSP on September 27, 2006. Plaintiff had previously suffered two strokes at High Desert State Prison when he was incarcerated there.

On January 3, 2007 at KVSP, Plaintiff suffered a new stroke, experiencing slurred speech, weakness, severe pain, and loss of his handwriting ability. Plaintiff was denied medical care and his medications were seized, including his diabetes and blood pressure medications. The seizure of these

2

medications resulted in a disruption of Plaintiff's medication schedule, causing a rise in Plaintiff's blood pressure and blood sugar level; swelling of Plaintiff's hands, legs, and feet; and dizziness. Plaintiff went to the medical clinic and, not speaking clearly, attempted to explain that he had suffered a stroke. Nurse Rumsey and MTA Terronez forced Plaintiff out of the clinic, using foul language. Other inmates present during the incident had to speak for Plaintiff and explain that Plaintiff had suffered a stroke that morning and had difficulty speaking. Plaintiff was denied medical attention for the stroke. On February 5, 2007, Plaintiff filed a Form-602 inmate grievance regarding his inadequate medical treatment.

On January 13, 2007, Sergeant Butterfield (not a defendant) noticed Plaintiff's serious medical symptoms and ordered KVSP medical staff to provide Plaintiff with medical attention. Plaintiff was rushed to the KVSP Central Training Center. On January 16, 2007, Plaintiff was rushed to an outside hospital. Plaintiff alleges that the new stroke was caused by medication intentionally provided to Plaintiff by Dr. Dileo at KVSP.[1]

On or about March 11, 2007, Plaintiff went to the KVSP medical clinic with ADA-Caretaker inmate Cowawns, for a previously prescribed blood sugar check. Nurse Rumsey began yelling and told Plaintiff and Cowawns to get out of her medical clinic. Plaintiff alleges that Rumsey was hostile toward him in reprisal for Plaintiff's use of the prison grievance system.

On March 21, 2007, Plaintiff went to the KVSP medical clinic and Nurse Rumsey and MTA Terronez refused him a blood pressure check. Plaintiff reported this incident, and on March 22, 2007, Nurse Day (not a defendant) called for Plaintiff to check his blood pressure. Nurse Rumsey and MTA Terronez told Plaintiff to get out of their clinic and yelled at Nurse Day, asking what she was doing and stating that Plaintiff is not special and she should not check his blood pressure. Plaintiff became nervous and was fearful he would have another stroke, and he left the clinic again without adequate medical attention.

On June 14, 2007, Plaintiff submitted a prison grievance because Plaintiff was assaulted by defendant C/O Hicks who violently grabbed Plaintiff's wheelchair and spun him around, causing

---

[1] In the Complaint, Plaintiff refers to his Exhibits 1-8. (Doc. 1 at 8:1,18; 10:1,19; 11:6,17; 12:3,6,22; 13:7,8,12.) However, there is no evidence on the Court's record that the Court received any exhibits to the Complaint. (Court Record.)

1  Plaintiff to suffer severe pain in his neck, back, head, and other body parts. Defendant Hicks also sought
2  to have other inmates harm Plaintiff in retaliation for Plaintiff's use of the inmate appeal process.
3  Plaintiff alleges that all of his Form-602 complaints were rejected and withheld from being filed,
4  preventing him from using the appeals process.

5        On March 21, 2008, Plaintiff met with defendant Dr. L. Dileo about his violent painful coughing
6  and requested the doctor to take a throat culture. On March 27, 2008, Dr. Dileo took a throat culture,
7  after which defendant Dr. Speath told Plaintiff there were no medical issues requiring diagnosis.
8  Plaintiff continued to suffer with violent painful coughing which caused him dizziness, severe facial and
9  chest pain, blackouts, and near death.

10        On April 10, 2008, Plaintiff became dizzy, had trouble breathing, and blacked out. Defendant
11  Nurse Gomez refused to provide him with medical attention. Plaintiff was rushed to an outside hospital
12  and diagnosed with acute bronchitis and pneumonia.

13        Plaintiff claims that the CDCR (California Department of Corrections and Rehabilitation) failed
14  to protect him from the Defendants' acts of reprisal and failure to provide Plaintiff with adequate
15  medical care. Plaintiff alleges that he often complained and clearly informed the CDCR and KVSP
16  officials and medical departments, but they failed to protect him from the Defendants' wrongdoing.

17        Plaintiff claims that as a result of inadequate medical care, he suffered pain, weakness, and
18  emotional distress. Plaintiff requests monetary damages, declarative and injunctive relief, and attorney's
19  fees.

20  **IV.  PLAINTIFF'S CLAIMS**

21        The Civil Rights Act under which this action was filed provides:

22  > Every person who, under color of [state law] . . . subjects, or causes to be
23  > subjected, any citizen of the United States . . . to the deprivation of any
24  > rights, privileges, or immunities secured by the Constitution . . . shall be
25  > liable to the party injured in an action at law, suit in equity, or other
26  > proper proceeding for redress.

25  42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution
26  and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations
27  omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created

28        4

interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). "The requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actors knows or reasonably should know would cause others to inflict the constitutional injury." Johnson at 743-44).

### A. Warden Hedgpeth

Plaintiff seeks to hold defendant Warden Hedgepeth liable. However, Plaintiff has not alleged any facts against Warden Hedgpeth, in his capacity as a supervisor or through personal participation.

Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Iqbal, 556 U.S. at 676. Liability may not be imposed on supervisory personnel under section 1983 on the theory of respondeat superior, as each defendant is only liable for his or her own misconduct. Id.; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). A supervisor may be held liable only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

///

Plaintiff alleges no facts against Warden Hedgpeth. Therefore, Plaintiff fails to state any claim against Warden Hedgepeth.

### B. Doe Defendants and Personal Participation

Plaintiff names Doe Defendants 1-34. Unidentified, or "John Doe" defendants must be named or otherwise identified before service can go forward. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff is advised that John Doe or Jane Doe defendants cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute names for John Doe or Jane Doe. For service to be successful, the Marshal must be able to identify and locate defendants.

Moreover, Plaintiff has not alleged any facts against the Doe Defendants. As discussed above, under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added). Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Iqbal, 556 U.S. at 676.

Because Plaintiff did not allege any facts in the Complaint against any of the Doe Defendants, Plaintiff fails to state a claim against any of the Doe Defendants.

### C. Rule 18 of the Federal Rules of Civil Procedure

Plaintiff partly fashions his Complaint as a chronological account of Form-602 inmate appeals he submitted for review. It appears to the Court that Plaintiff cites the appeals as evidence that he used the appeals process, whether as evidence in support of his retaliation claims or as evidence that he exhausted his administrative remedies. It also appears to the Court that Plaintiff does not intend to bring claims in this lawsuit based on all of the events in the referenced appeals, since some of the appeals concern individuals not named on Plaintiff's list of defendants. (Complaint at 5-7.) For example, Plaintiff alleges that on February 2, 2007, he submitted an appeal complaining that "Defendant D. Farmer ... utilized ... wrongful information and st[ole] Plaintiff's funds," wrongfully implementing Plaintiff's court-ordered restitution fines. (Complaint, Doc. 1 at 7 ¶14.) On another page, Plaintiff

alleges that on February 19, 2007, he submitted an appeal complaining that Officers Martin and Chambers intentionally terrorized him by pointing their pepper spray weapons at his face and threatening to spray him, and seized his personal property, out of retaliation. (Id. at 11 ¶19.) Plaintiff did not name D. Farmer, C/O Martin, or C/O Chambers in his list of Defendants in the present Complaint, nor did Plaintiff discuss any claims against them in the section of the Complaint titled "Claim for Relief." (Id. at 14-15.) Thus, the Court concludes that D. Farmer, C/O Martin, and C/O Chambers are not defendants to this action.

Furthermore, under Rule 18(a), any claims against D. Farmer, C/O Martin, and C/O Chambers based on Plaintiff's allegations are unrelated claims which may not be brought in this action. "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). In this instance, under Rule 18, the wrongful use of Plaintiff's funds by D. Farmer, the pepper-spray threat and seizure of Plaintiff's property by Officers Martin and Chambers, and the denial of medical care by other Defendants are three unrelated events which may not be brought in a single action.

Plaintiff's claims against Defendant C/O Hicks are also unrelated to Plaintiff's other claims. Plaintiff alleges that he was assaulted by defendant C/O Hicks, and that C/O Hicks sought to have other inmates harm Plaintiff in retaliation for Plaintiff's use of the inmate appeal process. Under Rule 18(a), these claims are unrelated to Plaintiff's claims against defendants Dileo, Spaeth, Rumsel, Terronez, and Gomez and may not be brought in the same action. Moreover, as discussed directly below, Plaintiff fails to state any cognizable claims against defendant Hicks.

7

### D.      Defendant C/O Hicks – Excessive Force, Failure to Protect, Retaliation

Plaintiff alleges that defendant C/O Hicks violently grabbed Plaintiff's wheelchair and spun him around, causing Plaintiff to suffer severe pain in his neck, back, head, and other body parts. Plaintiff also alleges that Defendant Hicks sought to have other inmates harm Plaintiff in retaliation for Plaintiff's use of the inmate appeal process.

Plaintiff has not alleged sufficient facts to state any cognizable claims against Defendant Hicks.

### *Excessive Force*

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

8

Plaintiff has not alleged that Defendant Hicks' actions were not taken in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.  To state a claim for excessive force, Plaintiff must allege facts showing that under the circumstances, there was no need for the defendant to use the amount of force described.  To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss, 572 F.3d at 969.  Therefore, Plaintiff fails to state a cognizable excessive force claim against Defendant Hicks.

### ***Failure to Protect***

Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer v. Brennan, 511 U.S. 825, 833 (1994); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmates's safety."  Farmer, at 834.  The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health ... .'" Id. at 843 (*citing* Helling v. McKinney, 509 U.S. 25, 35 (1993)).  The Supreme Court has explained that "deliberate indifference entails something more than mere negligence ... [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." Farmer at 835. The Court defined this "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware." Id. at 836-37.

Plaintiff alleges that Defendant Hicks sought to have other inmates harm Plaintiff.  Plaintiff has not alleged "sufficient factual matter, accepted as true, for the Court to determine that he "state[s] a claim to relief that is plausible on its face.'" Iqbal 556 U.S. at 678.  Plaintiff has not demonstrated that Defendant Hicks deliberately or recklessly disregarded a risk of harm to Plaintiff of which he was aware. Further, in the event that Defendant Hicks made verbal threats, Plaintiff is advised that verbal harassment or abuse alone is not sufficient to state a claim under section 1983, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional violation, Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).

9

***Retaliation***

To state a claim for retaliation under the First Amendment, Plaintiff must satisfy five elements. Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009). First, the plaintiff must allege that the retaliated-against conduct is protected. The filing of an inmate grievance is protected conduct. Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005). Second, the plaintiff must claim the defendant took adverse action against the plaintiff. Id. at 567. The adverse action need not be an independent constitutional violation. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). "[T]he mere threat of harm can be an adverse action . . . ." Brodheim, 584 F.3d at 1270. Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct. Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal. Pratt, 65 F.3d at 808 ("timing can properly be considered as circumstantial evidence of retaliatory intent"); Murphy v. Lane, 833 F.3d 106, 108-09 (7th Cir. 1987). Fourth, the plaintiff must allege that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." Rhodes, 408 F.3d at 568 (internal quotation marks and emphasis omitted). "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm," Brodheim, 584 F.3d at 1269, that is "more than minimal," Rhodes, 408 F.3d at 568 n. 11. That the retaliatory conduct did not chill the plaintiff from suing the alleged retaliator does not defeat the retaliation claim at the motion to dismiss stage. Id. at 569. Fifth, the plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution . . . ." Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985). A plaintiff successfully pleads this element by alleging, in addition to a retaliatory motive, that the defendant's actions were arbitrary and capricious, id., or that they were "unnecessary to the maintenance of order in the institution," Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).

Plaintiff alleges that Defendant Hicks sought to have other inmates harm Plaintiff in retaliation for Plaintiff's use of the inmate appeal process. However, Plaintiff has not alleged any facts, or presented any circumstantial evidence, linking Hicks' behavior with the filing of a grievance or any other use of the appeal process. Plaintiff fails to allege facts showing that Hicks sought to have Plaintiff

harmed *because* he used the appeals process.  Therefore, Plaintiff fails to state a retaliation claim against C/O Hicks.

### E.     Appeals Process

Plaintiff complains that his appeals were not properly processed by unnamed Appeals Coordinators.  Defendants' actions in responding to Plaintiff's appeals, alone, cannot give rise to any claims for relief under section 1983 for violation of due process.  "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).  Actions in reviewing a prisoner's administrative appeal, without more, are not actionable under section 1983.  Buckley, 997 F.2d at 495. Thus, since he has neither a liberty interest, nor a substantive right in inmate appeals, Plaintiff fails to state a cognizable claim for the processing and/or reviewing of his Form-602 inmate appeals.

### F.     CDCR – Eleventh Amendment

Plaintiff alleges that the CDCR failed to protect him against Defendants' wrongdoing.  Plaintiff is advised that he may not sustain an action against a state agency.  The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state.  Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); see also Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114, 1122 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991).  The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant.  See Natural Resources Defense Council v. California Dep't of Transp., 96 F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053; Taylor, 880 F.2d at 1045 (concluding that Nevada

Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989). Because the CDCR is a state agency, it is entitled to Eleventh Amendment immunity from suit. Therefore, Plaintiff fails to state a claim against defendant CDCR.

### G. Failure to Protect

Plaintiff alleges that KVSP officials and medical departments failed to protect him from the Defendants' wrongdoing. The legal standard for a failure to protect claim is given above in this order at ¶IV.D. Plaintiff has not alleged facts against any named defendant showing that the defendant deliberately or recklessly disregarded a risk of harm to Plaintiff of which the defendant was aware. Therefore, Plaintiff fails to state a failure-to-protect claim.

### H. Equal Protection

Plaintiff claims that he was subject to violation of his rights to equal protection. The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that Defendants intentionally discriminated against Plaintiff based on his membership in a protected class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071,1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agr., 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff has not alleged any facts demonstrating that he was intentionally discriminated against on the basis of his membership in a protected class, or that he was intentionally treated differently than other similarly situated inmates without a rational relationship to a legitimate state purpose. Therefore, Plaintiff fails to state a claim for relief for violation of his right to equal protection.

## I. Medical Care Claims

Plaintiff alleges violations of the Eighth and Fourteenth Amendments arising from Defendants' failure to provide him with adequate medical care. Medical care claims such as Plaintiff's are properly brought under the Eighth Amendment.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional

deprivation under the Eighth Amendment. Id. at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

The Court finds that Plaintiff has demonstrated that Defendants Nurse Rumsey, MTA Terronez, and Nurse Gomez caused a delay in his medical treatment for a serious medical need. However, Plaintiff fails to allege facts showing that the delay in care led to further harm. Therefore, Plaintiff fails to state a cognizable medical care claim against Defendants Rumsey, Teronez, or Gomez. Plaintiff also fails to state a medical care claim against any other defendant. Therefore, Plaintiff fails to state a cognizable claim for inadequate medical care.

**J.** **Retaliation**

The legal standard for stating a retaliation claim is discussed above in this order at ¶IV.D. Plaintiff alleges that Defendant Nurse Rumsey began yelling at him and told him to get out of her medical clinic, in retaliation for Plaintiff's use of the prison grievance system. While Plaintiff alleges that he filed at least one grievance against Nurse Rumsey, he has not alleged any facts, or presented any circumstantial evidence, linking Rumsey's behavior with the filing of the grievance. Plaintiff fails to allege facts showing that Rumsey was hostile to him *because* he filed the grievance. Therefore, Plaintiff fails to state a retaliation claim against Nurse Rumsey. Plaintiff also fails to state a cognizable claim for retaliation in the Complaint against any other defendant.

**K.** **Claims for Equitable Relief and Attorney Fees**

In addition to money damages, Plaintiff seeks injunctive relief, declaratory relief, and attorney's fees. Any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in

14

relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). Based on the nature of the claims at issue in this action, which involve past conduct, Plaintiff is not entitled to injunctive relief.

With regard to declaratory relief, "[a] declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated. A declaration that defendant violated Plaintiff's rights is unnecessary.

Based on the above, Plaintiff is confined to seeking money damages for the violations of his federal rights.

With regard to attorney's fees, "[i]n any action or proceeding to enforce a provision of section[] 1983 . . . , the court, in its discretion, may allow the prevailing party . . . reasonable attorney's fees . . . ." 42 U.S.C. § 1988(b). However, Plaintiff's contention that he is entitled to attorney's fees if he prevails is without merit. Plaintiff is representing himself in this action. Because Plaintiff is not represented by an attorney, he is not entitled to recover attorney's fees if he prevails. Gonzales v. Kangas, 814 F.2d 1411, 1412 (9th Cir. 1987).

With regard preliminary injunctive relief, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration

Service, 753 F.2d 719, 727 (9th Cir. 1985).  By this order, the Court shall dismiss Plaintiff's Complaint for failure to state a claim against any defendant, and Plaintiff shall be granted leave to file an amended complaint.  Therefore, at this juncture, the court does not yet have before it an actual case or controversy, nor does the court have jurisdiction over any of the defendants in this action.  Id.  Thus, Plaintiff's request for preliminary injunctive relief must be denied.

### L. Damages for Mental and Emotional Injuries - Physical Injury Requirement

Plaintiff alleges that he suffered anguish and terror because of Defendants' actions.  The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental and emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  The physical injury "need not be significant but must be more than de minimis."  Oliver, 289 F.3d at 627 (back and leg pain and canker sore de minimis); see also Pierce v. County of Orange, 526 F.3d 1190, 1211-13 (9th Cir. 2008) (bladder infections and bed sores, which pose significant pain and health risks to paraplegics such as the plaintiff, were not de minimis).  The physical injury requirement applies only to claims for mental or emotional injuries and does not bar claims for compensatory, nominal, or punitive damages.  Id. at 630.  Thus, Plaintiff is advised that he may not recover damages for emotional distress unless he shows prior physical injury.

## V. CONCLUSION AND ORDER

The Court finds that Plaintiff's Complaint fails to state any cognizable claims upon which relief may be granted under § 1983.  Therefore, the Complaint shall be dismissed for failure to state a claim, with leave to amend.

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires.'"  The Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above.  Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir.2000).  Plaintiff is granted leave to file an amended complaint within thirty days.

The amended complaint should be brief, but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.  Fed. R. Civ. P. 8(a); Iqbal, 556

16

U.S. at 676; Jones, 297 F.3d at 934. As discussed above, there is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added). Plaintiff is advised that a short and simple statement of his claim will speed the screening of his case, and will help the litigation proceed in a more efficient manner. While exhibits are permissible, they are not necessary in the federal system of notice pleading. Fed. R. Civ. P. 8(a). Plaintiff is advised that under Rule 8 of the Federal Rules of Civil Procedure, Plaintiff is only obligated to provide "a short and plain statement of [his] claim." Plaintiff is not obligated to prove the allegations in his complaint at this stage. Attaching a large number of exhibits to a complaint may result in the complaint being dismissed for failure to comply with Federal Rule of Civil Procedure 8, as it will render the complaint to be neither a "short" nor "plain" statement of Plaintiff's claims.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding new defendants relating to issues arising after May 11, 2011. In addition, Plaintiff should take care to include only those claims that have been exhausted prior to the initiation of this suit on May 11, 2011. Plaintiff must comply with Rule 18(a), as discussed above, and may not combine unrelated claims in a single lawsuit. Should the amended complaint contain unrelated claims, the Court shall decide for Plaintiff which related claims shall proceed.

Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superceded pleading. Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

///

///

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Complaint, filed on May 11, 2011, is DISMISSED for failure to state a claim, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a First Amended Complaint curing the deficiencies identified by the Court in this order;
4. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:11-cv-00761-LJO-GSA-PC ; and
5. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated:** **February 15, 2013**              /s/ **Gary S. Austin**
                                             UNITED STATES MAGISTRATE JUDGE