UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADY K. ARMSTRONG,<br><br>          Plaintiff,<br><br>     vs.<br><br>A. HEDGPETH, et al.,<br><br>          Defendants. | 1:11-cv-00761-LJO-GSA-PC<br><br>ORDER FOR CLERK TO REMOVE COMPLAINT FILED ON SEPTEMBER 9, 2013 FROM THIS ACTION AND OPEN NEW CASE<br>(Doc. 39.)<br><br>ORDER FOR CLERK TO FILE COMPLAINT LODGED ON SEPTEMBER 10, 2013, AS FIRST AMENDED COMPLAINT FOR THIS ACTION<br>(Doc. 40.) |

**I.     BACKGROUND**

Brady K. Armstrong ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on May 11, 2011.  (Doc. 1.)  On February 15, 2013, the court dismissed the Complaint for failure to state a claim, with leave to amend.  (Doc. 23.)

On September 9, 2013, Plaintiff submitted a complaint to the court which was filed by the Clerk as the First Amended Complaint in this action.  (Doc. 39.)

On September 10, 2013, Plaintiff submitted a complaint to the court which was lodged by the Clerk as a proposed Second Amended Complaint in this action.  (Doc. 40.)

///

## II. DISCUSSION

The court has reviewed the complaint filed on September 9, 2013 in this action ("Sept. 9th Complaint"), and finds that it was erroneously filed in this action. Plaintiff alleges in the Sept. 9th Complaint that the sole defendant, Correctional Officer D. Hicks, retaliated against him in 2007 for filing an inmate appeal against defendant Hicks for fabricating a Rules Violation Report against Plaintiff. These allegations are entirely different from the allegations in the instant action, in which Plaintiff names several defendants, who are largely medical personnel, and alleges that they denied him adequate medical care after he suffered a stroke on January 3, 2010. While it is true that Plaintiff was ordered on February 15, 2013, to submit an amended complaint for this action, the Sept. 9th Complaint does not appear to be that amended complaint. Instead, the court finds evidence that the complaint lodged on September 10th (Sept. 10th Complaint) was meant to be the First Amended Complaint for this action.

The Sept. 10th Complaint names many of the defendants previously named in this action -- Dr. L. Dileo, Nurse Rumsey, MTA Terronez, Dr. Spaeth, and Nurse Gomez – and, similar to this action, alleges that Plaintiff was denied adequate medical care by defendants after suffering a stroke on January 3, 2007. Plaintiff titled the Sept. 10th Complaint "First Amended Complaint" and makes reference to dismissal of the original Complaint on February 15, 2013, with leave to amend, which occurred in this action. (Doc. 40 at 1:19-22, referring to Doc. 23.) The case number for this action, "11CV-00761-LJO-GSA-PC," is clearly typewritten on the face of the Sept. 10th Complaint. Based on this evidence, the court finds that the Sept. 10th Complaint serves as the First Amended Complaint for this action. Therefore, the Clerk shall be directed to file the Sept. 10th Complaint as the First Amended Complaint for this action.

The court also finds that the Sept. 9th Complaint was erroneously filed in this action. Moreover, there is no evidence on the court's record that the Sept. 9th Complaint belongs in any of Plaintiff's other pending cases at this court. Therefore, the Clerk shall be directed to remove the Sept. 9th Complaint from this action and use it to open a new case.

///

**IV.     CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Clerk of Court is directed to remove the complaint filed on September 9, 2013 from this action and use it to open a new case; and

2. The Clerk of Court is directed to file the complaint lodged on September 10, 2013, as the First Amended Complaint for this action.

IT IS SO ORDERED.

Dated:   **November 20, 2013**              **/s/ Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE