

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADY ARMSTRONG,<br><br>            Plaintiff,<br><br>    vs.<br><br>A. HEDGPETH, et al.,<br><br>            Defendants. | 1:11-cv-00761-LJO-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br>(Docs. 32, 33, 35.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

**I.     BACKGROUND**

Brady K. Armstrong ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on May 11, 2011. (Doc. 1.) On November 20, 2013, Plaintiff filed the First Amended Complaint. (Doc. 43.)

Now pending are Plaintiff's motions for preliminary injunction and temporary restraining order, filed on July 5, 2013 and July 10, 2013, and July 15, 2013. (Docs. 32, 33, 35.)

///

///

## II. PRELIMINARY INJUNCTIVE RELIEF

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

**Discussion**

Plaintiff seeks court orders prohibiting prison officials from retaliating against him by submitting fabricated serious rules violation reports, denying him second medical opinions by off-site doctors, communicating with all other CDCR state employees, poisoning Plaintiff's food, assaulting him, and interfering with his legal copywork. Plaintiff also seeks court orders

///

directing prison officials to return his personal property, release him from the SHU, and transfer him to another facility.

Plaintiff is presently incarcerated at the California Substance Abuse Treatment Facility in Corcoran, California. The events at issue in Plaintiff's First Amended Complaint allegedly occurred at Kern Valley State Prison (KVSP) in Delano, California, in 2006-2008 when Plaintiff was incarcerated there.[1] Therefore, the court orders requested by Plaintiff would not remedy any of the claims upon which this action proceeds. Plaintiff requests court orders protecting him from present and future actions by defendants. Because such orders would not remedy any of the past claims upon which this action proceeds, the court lacks jurisdiction to issue the orders sought by Plaintiff, and Plaintiff's motions must be denied.

Moreover, "[A] federal court may [only] issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court.*" Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added). Because none of the defendants have appeared in this action, the Court does not have jurisdiction to issue an order prohibiting any of them from acting against Plaintiff. Further, because Plaintiff is no longer subjected to the actions of employees at KVSP, his motions for court orders prohibiting those employees' actions are moot.

### III. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motions for preliminary injunctive relief, filed on July 5, 2013 and July 10, 2013, and July 15, 2013, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, plaintiff may file written

---

[1] Plaintiff states in the First Amended Complaint: "At all times mentioned in this complaint, Brady Armstrong was a state prisoner/inmate within the CDCR 'at' Kern Valley State Prison[] 'located' in Delano, County of Kern, California." (First Amd Cmp, Doc. 43 at 3 ¶2.)

objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

    Dated:   **November 21, 2013**            **/s/ Gary S. Austin**
                                                                  UNITED STATES MAGISTRATE JUDGE