UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADY ARMSTRONG,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>A. HEDGPETH, et al.,<br><br>　　　　Defendants. | 1:11-cv-00761-LJO-GSA-PC<br><br>ORDER DENYING REQUEST FOR COURT ORDER<br><br>ORDER DENYING REQUEST FOR EXTENSION OF TIME<br><br>(Doc. 51.) |

**I.    BACKGROUND**

Brady K. Armstrong ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on May 11, 2011. (Doc. 1.) The Court screened the Complaint pursuant to 28 U.S.C. § 1915A and issued an order on February 15, 2013, dismissing the Complaint for failure to state a claim, with leave to amend. (Doc. 23.) On November 20, 2013, Plaintiff filed the First Amended Complaint, which awaits the court's screening.

On May 21, 2014, Plaintiff filed a motion requesting a court order directing prison officials to return his personal property to him. (Doc. 51.) Plaintiff also requests an extension of time to "comply/reply/respond to all previous[] and present deadlines." (Id. at 3.)

1

## II. REQUEST FOR COURT ORDER DIRECTING RETURN OF PROPERTY

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

### Discussion

Plaintiff seeks a court order directing prison officials at the California Substance Abuse and Treatment Facility and State Prison (SATF), in Corcoran, California, to return Plaintiff's personal property to him. Plaintiff asserts that he was released on parole from SATF on April 29, 2014, and only allowed to take one plastic bag, his typewriter, wheelchair, cane, and urine bottle. Plaintiff asserts that he was not allowed to take the remainder of his personal property, including a television set and legal documents. Plaintiff requests the court to require prison officials to mail the remainder of his personal property to him.

Plaintiff's First Amended Complaint concerns events allegedly occurring at Kern Valley State Prison in Delano, California in 2007-2008, when Plaintiff was incarcerated there. Therefore, the court order requested by Plaintiff would not remedy any of the claims upon which this action proceeds. Plaintiff requests a court order to resolve a present issue between him and officials at SATF. Because such an order would not remedy any of the claims upon which this action proceeds, the court lacks jurisdiction to issue the order sought by Plaintiff, and Plaintiff's request must be denied.

///

///

### III.     REQUEST FOR EXTENSION OF TIME

Plaintiff also requests a forty-five-to-ninety-day extension of time to respond to court orders. Plaintiff does not indicate which deadlines he wishes to extend, and currently, there are no court deadlines pending in this case. Therefore, Plaintiff's request for an extension of time shall be denied, without prejudice to renewal of the motion at a later stage of the proceedings.

### IV.     CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's request for a court order directing prison officials to return his personal property is DENIED; and
2. Plaintiff's request for an extension of time is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **May 23, 2014**                    **/s/ Gary S. Austin**
                                             UNITED STATES MAGISTRATE JUDGE