UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADY ARMSTRONG,<br><br>       Plaintiff,<br><br>   vs.<br><br>A. HEDGPETH, et al.,<br><br>       Defendants. | 1:11-cv-00761-LJO-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION PROCEED ONLY AGAINST DEFENDANT NURSE RUMSEY ON PLAINTIFF'S EIGHTH AMENDMENT MEDICAL CLAIMS, AND THAT ALL OTHER CLAIMS AND DEFENDANTS BE DISMISSED<br><br>OBJECTIONS, IF ANY, DUE IN 30 DAYS |

Brady K. Armstrong ("Plaintiff") is a former state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on May 11, 2011. (Doc. 1.) The Court screened the Complaint pursuant to 28 U.S.C. § 1915A and issued an order on February 15, 2013, dismissing the Complaint for failure to state a claim, with leave to amend. (Doc. 23.) On November 20, 2013, Plaintiff filed the First Amended Complaint. (Doc. 43.)

The court screened the First Amended Complaint pursuant to 28 U.S.C. § 1915A and found that it states only one cognizable claim under § 1983, against defendant Nurse Rumsey for failure to provide adequate medical care in violation of the Eighth Amendment.[1] (Doc. 10.) On June 4, 2014, Plaintiff was granted leave to either file a Second Amended Complaint or notify the court that he is willing to proceed only on the claim found cognizable by the court. (Id.) On July 2, 2014, Plaintiff filed a notice informing the court that he seeks to proceed on the cognizable Eighth Amendment medical claim against defendant Rumsey. (Doc. 55.)

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceed only against defendant Nurse Rumsey, on Plaintiff's claims for inadequate medical care under the Eighth Amendment;

2. All remaining claims and defendants be dismissed from this action;

3. Plaintiff's claims for retaliation, excessive force, and state tort claims be dismissed from this action based on Plaintiff's failure to state a claim upon which relief may be granted;

4. Defendants Dr. L. Dileo, Dr. Spaeth, MTA (Medical Technical Assistant) Terronez, Nurse Gomez, Jane Doe #1, Jane Doe #2, and John Doe #1 be dismissed from this action based on Plaintiff's failure to state any claims upon which relief may be granted against them.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file

---

[1] In the screening order of June 4, 2014, the court made no determination about the viability of Plaintiff's claim against defendant Dr. Dileo for failure to train medical staff, which suggests a state claim for negligence. (Doc. 53 at 10 ¶IV.D.) Because Plaintiff has alleged a cognizable § 1983 medical claim, the federal court could exercise supplemental jurisdiction over his state claims if properly pleaded and "**Error! Main Document Only.**within such original jurisdiction that they form part of the same case or controversy under Article III." 28 U.S.C. § 1367(a). However, Plaintiff fails to state a cognizable negligence claim against Dr. Dileo. To state a viable negligence claim, a plaintiff must allege facts showing duty, breach of duty, proximate cause, and damages. Minch v. Department of California Highway Patrol, 140 Cal.App.4th 895, 900-01 (Cal. App. 2006). Plaintiff fails to allege facts demonstrating that Dr. Dileo had a duty to train medical staff and breached that duty, and that the breach was a proximate cause of his injuries. Therefore, Plaintiff fails to state a claim for negligent failure to train against defendant Dr. Dileo.

written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

    Dated:   **July 9, 2014**              **/s/ Gary S. Austin**
                                                      UNITED STATES MAGISTRATE JUDGE